FILED'09 DEC 11 10:56USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROLAND LEE SMITH,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 09-300-PA

OPINION AND ORDER

Roland Lee Smith
#5540051
Oregon State Penitentiary
2605 State Street
Salem, OR 97310

    Petitioner, *Pro Se*

John R. Kroger
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his continued incarceration following the deferral of his parole release date by the Oregon Board of Parole and Post-Prison Supervision. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In two separate indictments from 1986, the Douglas County Grand Jury indicted petitioner for Attempted Rape in the First Degree, Assault in the Second Degree, and Sodomy in the First Degree for crimes committed against two women in 1983 and 1985, respectively. Respondent's Exhibit 101. Petitioner ultimately entered guilty pleas to Sodomy in the First Degree, Attempted Rape in the First Degree, and Assault in the Second Degree and the trial court referred petitioner to the Oregon State Hospital where he was diagnosed as having "a severe personality disorder; namely a mixed personality disorder with antisocial and passive-aggressive features, which renters future criminal acts likely." Respondent's Exhibit 110, p. 8.

The trial court sentenced petitioner as a dangerous offender and a sexually dangerous person to consecutive indeterminate prison terms totaling 60 years with a minimum sentence of 30 years.

2 - OPINION AND ORDER

Respondent's Exhibit 101. The Oregon Court of Appeals affirmed the sentence on direct review. *State v. Smith*, 84 Or. App. 487 (1987).

The Oregon Board of Parole and Post-Prison Supervision ("Board") initially set a parole consideration hearing date for 2000. Following the 2000 hearing, the Board deferred petitioner's release for 24 months. At the subsequent 2002 hearing, the Board again deferred his release for 24 months. It appears that the 2000 and 2002 deferrals were based on the Board's determination, following psychological reviews, that plaintiff had a mental or emotional disturbance rendering him a danger to the community if released. Respondent's Exhibits 115, 116.

Following a third psychological evaluation, the Board concluded at its 2004 hearing that petitioner suffered from "mental or emotional disturbance, deficiency, condition, or disorder predisposing offender to the commission of any crime to a degree rendering the offender a danger to the health or safety of others; therefore the condition which made inmate dangerous is not in remission and inmate does continue to remain a danger." Respondent's Exhibit 108, p. 2. As a result, the Board once again deferred petitioner's release for another 24 months. Although petitioner requested administrative review, relief was denied.

Ordinarily, an inmate in petitioner's position would appeal the Board's decision to the Oregon Court of Appeals pursuant to ORS 144.335. Petitioner did not do so, and instead filed a state

3 - OPINION AND ORDER

habeas corpus petition in Umatilla County on March 16, 2005. The Umatilla County Circuit Court denied relief on the petition because "Plaintiff had timely remedy in the form of judicial review under ORS 144.225. Habeas corpus relief cannot be pursued." Respondent's Exhibit 132. The Oregon Court of Appeals summarily affirmed the lower court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 135, 137, 138.

After the Circuit Court denied relief on his petition, but before filing his Appellant's Brief in that matter, petitioner filed a second habeas corpus action in Umatilla County on or about September 19, 2005. The State moved to dismiss the second petition for failure to state a claim, and the Circuit Court granted the motion following a hearing during which it concluded that "[t]here is no basis for habeas corpus. It will be dismissed." Respondent's Exhibit 202, p. 12. The Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 207, 208.

Petitioner filed this 28 U.S.C. § 2254 habeas case on March 17, 2009. At the heart of petitioner's case is his complaint that the Board deferred his parole release date based on a psychological condition for which it refuses to provide treatment despite being statutorily obligated to do so. Respondent asks the court to deny relief on this claim because it was not fairly presented to Oregon's state courts, and because it lacks merit.

4 - OPINION AND ORDER

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure

5 - OPINION AND ORDER

to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As noted in the Background of this Opinion, petitioner filed a state habeas corpus action which was dismissed by the trial court based on the fact that habeas corpus was not a proper remedy. In this respect, the claims petitioner sought to present during that habeas corpus proceeding were not presented in a procedural context in which the merits were actually considered. Because the Circuit Court determined as a matter of state law that the claims were not properly raised, they were not preserved for appeal and could not have been "fairly presented" to the Oregon Supreme Court. *See* ORAP 5.45(1) (only claims properly preserved in the trial court will be heard on appeal); ORAP 9.20(2) (only claims which were properly before the Oregon Court of Appeals are eligible for review by the Oregon Supreme Court).

While petitioner may disagree with the state habeas court's interpretation of state law as it pertains to which kinds of claims may be raised in a state habeas petition in Oregon, comity and federalism prevent this court from interfering with such a decision. *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing Wainwright v. Goode*, 464 U.S. 78, 84 (1983));

6 - OPINION AND ORDER

*see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)). It is therefore clear that petitioner failed to fairly present any claims to the Oregon Supreme Court for a merits review during his first state habeas case.

With respect to petitioner's second state habeas proceedings in Umatilla County, the Umatilla County Circuit Court granted the State's motion seeking to dismiss the petition on the basis that habeas corpus was not petitioner's proper remedy. As noted previously, the Circuit Court concluded that "[t]here is no basis for habeas corpus." Respondent's Exhibit 202, p. 12. When petitioner appealed this decision, his appellate documents make it clear that he, too, felt that his claims were not considered on their merits. Specifically, he argued that the Oregon Supreme Court should "correct the trial court error in dismissing this petition" and argued that the Oregon Court of Appeals, by granting summary affirmance, "incorrectly failed [to] allow plaintiff to pursue habeas relief to review the unlawfulness of his sentence

7 - OPINION AND ORDER

under the Eighth Amendment."[1] Respondent's Exhibit, pp. 2-3. He maintained that "habeas is the correct process" and urged the Oregon Supreme Court to "permit a habeas petition to be filed. . . ." *Id* at 2. It is clear from this procedural history that the Oregon state courts did not pass upon the merits of his Eighth Amendment claim. Put another way, had petitioner prevailed at any state appellate level, the Oregon Court of Appeals or the Oregon Supreme Court would have directed the Circuit Court to allow the habeas action to go forward on its merits. As a result, there are no claims eligible for federal habeas corpus review.

Even assuming petitioner had presented his Eighth Amendment claim to the Oregon Supreme Court in a procedural context in which its merits were actually considered (such as in a mandamus action pursuant to ORS 34.110), petitioner would nevertheless not be entitled to relief. In order to prevail in a federal habeas corpus action, a petitioner must demonstrate that a state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a strict requirement which calls for a Supreme Court decision which

---

[1] Following his habeas corpus proceedings in the trial court, petitioner limited his claim to that of cruel and unusual punishment, and dropped his due process claim.

8 - OPINION AND ORDER

squarely addresses the issue presented. *Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009). The court is unaware of any U.S. Supreme Court precedent which would clearly advise a state court that an Eighth Amendment violation occurs where, despite an otherwise valid sentence, an inmate is not paroled prior to his sentence expiration where he is not provided with programming to enable him to perform more favorably on psychological examinations. In fact, in the due process context, the Supreme Court has clearly held that there is no constitutional right to parole before the expiration of a valid sentence. *Greenholz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). For all of the aforementioned reasons, relief on the Petition is denied.

## CONCLUSION

Petitioner's Motion for Leave to File Pro Se Addendum to Petitioner's Response (#25) is GRANTED. The court has considered the attachment thereto, but for the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4 day of December, 2009.

_____
Owen M. Panner
United States District Judge

9 - OPINION AND ORDER